FILED

MAY - 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, Individually and on Behalf of All Others Similarly Situated, <br><br>                      *Plaintiff,* <br><br>       -against- <br><br> YAHOO!, INC., <br><br>                      *Defendant.* | 3:12-cv-01399-SBA <br><br> **Date:** June 26, 2012 <br> **Time:** 1:00 <br> **Ctrm:** Fourth Fl., Ctrm. 1 <br> **Judge:** Saundra Brown Armstrong |

## DECLARATION OF ALBERT RUDGAYZER

1.    I am the plaintiff in this action, and submit this declaration in opposition to the motion by Defendant, Yahoo!, Inc., to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

2.    Attached as Exhibit "A" to Plaintiff's Memorandum of Points and Authorities is a copy of the order of the District Court that was the subject of the appeal in *Welch v. Terhune*, 11 Fed. Appx. 747 (9th Cir. 2001).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
ALBERT RUDGAYZER
Executed on May 7, 2012

---

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

ALBERT RUDGAYZER, Individually and on Behalf
of All Others Similarly Situated,

3:12-cv-01399-SBA

*Plaintiff,*

-against-

YAHOO!, INC.,

*Defendant.*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO
RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ALBERT RUDGAYZER
305 Broadway
Suite 501
New York, New York 10007
(212) 260-5650

Plaintiff *Pro Se*

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

1

## TABLE OF CONTENTS

**Page**

2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3

FEDERAL STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4

STATE STATUTES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

5

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

6

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

8

I.      PLAINTIFF MAY ACT *PRO SE* PRIOR TO
        MOVING FOR CLASS CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

9

        A.      During the Current Stage of this Action, Plaintiff is Representing Only
                Himself, as is His Right Under Both Statute and the Constitution . . . . . . . . . . . . 1

10

        B.      Because the Issue of Adequacy of Counsel is a Class-Certification
                Issue, It Must be Addressed at the Class-Certification Stage . . . . . . . . . . . . . . . 2

12

        C.      A Ruling Based on the Adequacy-of-Counsel Requirement Prior
13              to the Class-Certification Stage Would Not Only be Based Solely
                on the Unsupported Assumption that Plaintiff Will Seek to be
14              Appointed as Class Counsel and Therefore be Premature, But
                Would Be Premature Even if Such Assumption Were Warranted . . . . . . . . . . . 3

15

16      D.      Defendant Has Not Cited Any Binding Authority in Support of its Position . . . . 4

17  II.     BOTH STATUTORY AND CASE LAW AUTHORIZE AN AWARD
            OF NOMINAL DAMAGES FOR A BREACH OF CONTRACT
18          THAT DOES NOT RESULT IN ACTUAL DAMAGES . . . . . . . . . . . . . . . . . . . . . . 6

19  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

# TABLE OF AUTHORITIES

**Page**

**FEDERAL STATUTES**

28 U.S.C. § 1654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

**STATE STATUTES**

Cal. Civ.Code § 3360  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

**CASES**

**Page**

*Adesanya v. West America Bank,*
    19 F.3d 25 (9th Cir. 1994) (unpublished) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Aguilera v. Pirelli Armstrong Tire Corp.,*
    223 F.3d 1010 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Blair v. Maynard,*
    324 S.E.2d 391 (W. Va. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bromberg v. Signal Gasoline Corp.,*
    130 Cal.App. 469 (Calif. App. 1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Budd v. Nixen,*
    6 Cal.3d 195, 98 Cal. Rptr. 849, 491 P.2d 433 (Calif. 1971) . . . . . . . . . . . . . . . . . . . . . . 8

*Buttram v. Owens-Corning Fiberglas Corp.,*
    16 Cal.4th 520, 66 Cal.Rptr. 2d 438, 941 P.2d 71 (1997)  . . . . . . . . . . . . . . . . . . . . . 8

*C.E. Pope Equity Trust v. United States,*
    818 F.2d 696 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cersosimo v. Cersosimo,*
    449 A.2d 1026 (Conn. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ewing v. Coca Cola Bottling Co. of New York, Inc.,*
    2001 WL 767070 (S.D.N.Y. June 25, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*First Commercial Mortg. Co. v. Reece,*
    108 Cal.Rptr.2d 23 Cal.App.4th 731 (Calif. App. 2001) . . . . . . . . . . . . . . . . . . . . . 7

---

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

**Cases (Cont'd)**            **Page**

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

*Iannaccone v. Law*,
   142 F.3d 553 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Jordan v. County of Los Angeles*,
   669 F.2d 1311 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Kenyon v. Western Union Tel. Co.*,
   100 Cal. 454 (Calif. 1893) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Larcher v. Wanless*,
   18 Cal.3d 646, 135 Cal. Rptr. 75, 557 P.2d 507 (Calif. 1976) . . . . . . . . . . . . . . . . . . . . . 8

*McShane v. United States*,
   366 F.2d 286 (9th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Midland Pacific Budg. Corp. v. King*,
   68 Cal. Rptr. 3d 499 (Calif. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morlan v. Universal Guar. Life Ins. Co.*,
   298 F.3d 609 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Promex, LLC v. Hernandez*,
   781 F.Supp.2d 1013 (C.D. Calif. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rand v. Rowland*,
   154 F.3d 952 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ross v. Frank W. Dunne Co.*,
   119 Cal.App.2d 690 (Calif. App. 1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ruiz v. Gap, Inc.*,
   622 F.Supp.2d 908 (N.D. Calif. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Spear v. California State Auto. Assn.*,
   2 Cal.4th 1035, 9 Cal.Rptr.2d 381, 831 P.2d 821 (Calif. 1992) . . . . . . . . . . . . . . . . . . . . 8

*State of Idaho Potato Commission v. G & T Terminal Pack., Inc.*,
   425 F.3d 708 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Steinberg v. Nationwide Mutual Ins. Co.*,
   224 F.R.D. 67 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sweet v. Johnson*,
   169 Cal.App.2d 630 (Ct.App.1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

**Page**

**Cases (Cont'd)**

*Temple v. Kaplan,*
  54 Cal.App.3d 1103, 127 Cal.Rptr. 80 (Calif. App. 1976) .......................... 8

*Torrez v. Corrections Corp. of America,*
  2010 WL 320486 (D. Ariz. Jan. 20, 2010) ................................... 5

*Troyk v. Farmers Group, Inc.,*
  171 Cal. App. 4th 1305 (Calif. App. 2009) ................................. 6-7

*True v. American Honda Motor Co.,*
  749 F.Supp.2d 1052 (C.D. Calif. 2010) ..................................... 2

*Uyeda v. J.A. Cambece Law Office, P.C.,*
  2005 WL 1168421 (N.D. Cal. May 16, 2005) ................................ 2-3

*Welch v. Terhune,*
  11 Fed. Appx. 747 (9th Cir. 2001) (unpublished) .............................. 4

PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA

iv

1    UNITED STATES DISTRICT COURT
      NORTHERN DISTRICT OF CALIFORNIA
2    OAKLAND DIVISION

3

ALBERT RUDGAYZER, Individually and on Behalf
4    of All Others Similarly Situated,                  3:12-cv-01399-SBA

5                                *Plaintiff,*

6

7                    -against-

8    YAHOO!, INC.,

9                             *Defendant.*

10

## INTRODUCTION

11
      Plaintiff, Albert Rudgayzer, submits this Memorandum of Points and Authorities in
12
opposition to the motion by Defendant, Yahoo!, Inc., to dismiss the Complaint pursuant to Rules
13
12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.
14

## ARGUMENT
15
## POINT I
16
### PLAINTIFF MAY ACT *PRO SE* PRIOR TO
17 ### MOVING FOR CLASS CERTIFICATION

18   **A.**    **During the Current Stage of this Action, Plaintiff is Representing Only**
            **Himself, as is His Right Under Both Statute and the Constitution**
19
      Defendant's argument that Plaintiff may not act *pro se*, *see* Def. Mem. at 4-6, is premature
20
because the only parties during the current stage of this putative class action, that is, the pre–class-
21
certification stage, are the *named* parties, *not* the *unnamed* putative class members. Therefore,
22
Plaintiff is currently representing only himself. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 937 (9th
23
Cir. 2001) ("[a]lthough [a class-]action [complaint] is often *referred to* as a class action when it is
24
filed, it is, at the time of filing, only a *would-be class action*. It does not become a class action *until*
25
*certified*") (emphases added)); *see also id.* at 940 ("a class action, when filed, includes *only* the
26

27

28    **PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN**
    **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

1

1    claims of the *named* plaintiff[(s)]. The claims of *unnamed* class members are added to the action

2    *later*, when the action is *certified* as a class under *Rule 23*" (emphases added)); *Morlan v. Universal*

3    *Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("until certification there is *no class action*

4    but merely the *prospect* of one; the *only* action is the suit by the *named plaintiffs*.") (emphases

5    added).

6           Plaintiff's right to represent himself, which is the only right he has invoked so far in this

7    action, is protected by statute. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) ("[l]itigants

8    have a statutory right to self-representation in civil matters," citing 28 U.S.C. § 1654). That right is

9    also protected by the Constitution. *See Iannaccone v. Law*, 142 F.3d 553, 556-558 (2d Cir. 1998);

10   *Blair v. Maynard*, 324 S.E.2d 391, 394 (W. Va. 1984), and cases cited therein; *Cersosimo v.*

11   *Cersosimo*, 449 A.2d 1026, 1031 (Conn. 1982).

12

13   **B.     Because the Issue of Adequacy of Counsel is a Class-Certification
            Issue, It Must be Addressed at the Class-Certification Stage**

14          Defendant's motion is based on the contention that Plaintiff is unable to satisfy the adequacy-

15   of-counsel requirement of Fed. R. Civ. P. 23(a)(4). *See* Def. Mem. at 4-5. Rule 23(a)(4) is part of

16   the class-certification prerequisite that "the representative parties will fairly and adequately protect

17   the interests of the class." Fed. R. Civ. P. 23(a)(4). *See Jordan v. County of Los Angeles*, 669 F.2d

18   1311, 1323 (9th Cir. 1982); *True v. American Honda Motor Co.*, 749 F.Supp.2d 1052, 1065 (C.D.

19   Calif. 2010).

20          Defendant's motion overlooks a crucial element concerning class actions: during the

21   pre–class-certification stage of a putative class action, it is generally premature to rule on the issue

22   of whether the Rule 23 class-certification prerequisites can be satisfied. As explained in *Uyeda v.*

23   *J.A. Cambece Law Office, P.C.*, 2005 WL 1168421 (N.D. Cal. May 16, 2005):

24
                     a defendant can attack the merits of a proposed class's claim in a
25                   motion to dismiss even before the plaintiff moves for class
                     certification. 10 JUDGE WILLIAM W. SCHWARZER ET AL.,
26                   CALIFORNIA   PRACTICE   GUIDE:   FEDERAL   CIVIL

27

28   **PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
     OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

PROCEDURE BEFORE TRIAL, § 770, at 10-115 (The Rutter Group 2005). However, *if the defendant chooses to attack a proposed class's ability to meet the prerequisites of FED. R. CIV. P. 23(a) or (b), the defendant should do so by opposing the plaintiff's motion for class certification. Id.* ¶10:771, at 10-115 (citing *Lumbermen's Mutual Casualty Co. v. Rhodes*, 403 F.2d 2, 6 (10th Cir. 1969)).

*Id.* at *5 (emphasis added)); *accord, Ewing v. Coca Cola Bottling Co. of New York, Inc.*, 2001 WL 767070 at *8-*9 (S.D.N.Y. June 25, 2001).

A dismissal of a putative class action during the pre–class-certification stage on the grounds that the adequacy-of-counsel requirement precludes a *pro se* plaintiff (whether or not he is an attorney, as discussed in Point I(D), *infra*) from serving as both class representative and class counsel would necessarily mean that a *pro se* plaintiff must meet Rule 23(a)(4)'s adequacy-of-counsel requirement during the pre–class-certification stage. Such a requirement, however, would plainly contradict Rule 23, whose requirements, as set forth above, must be met *not* in order to *commence* a "class action," but, rather, in order to have it *certified*. The requirement that "a court *that certifies* a class must *appoint class counsel*," Fed. R. Civ. P. 23(g)(1) (emphases added), further reflects the fact that a pre-certification ruling in this action would be premature.

**C.**     **A Ruling Based on the Adequacy-of-Counsel Requirement Prior to the Class-Certification Stage Would Not Only be Based Solely on the Unsupported Assumption that Plaintiff Will Seek to be Appointed as Class Counsel and Therefore be Premature, But Would Be Premature Even if Such Assumption Were Warranted**

Plaintiff has not indicated that he intends to seek appointment as class counsel. That fact alone renders Defendant's motion premature. *See, e.g., Steinberg v. Nationwide Mutual Ins. Co.*, 224 F.R.D. 67, 75 (E.D.N.Y. 2004) ("[t]he plaintiff, an attorney and a sole practitioner, initiated this case as a *pro se* litigant and now, after retaining counsel, [seeks to] act[] as class representative. . . . Because the plaintiff is *no longer seeking to serve as class counsel*, there is *no longer any argument* that his prior role as *pro se* litigant conflicts with his *future role as class representative*") (emphases added)). In addition, Plaintiff could himself move for class certification and, pursuant to Rule 23(g)(1), seek the appointment of class counsel (who would, presumably, submit evidentiary material

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

3

1   in support of that motion); likewise, a plaintiff may retain one attorney to represent him during the

2   pre–class-certification stage and then seek to have another attorney be appointed as class counsel.

3   Indeed, a named plaintiff could even represent himself *after* the class has been certified while class

4   counsel represents the absent class members, for a civil litigant has both a statutory and

5   Constitutional right to represent himself. *See* Point I(A), *supra.*

6         Not only would it be improper to make a ruling based on the adequacy-of-counsel

7   requirement prior to the class-certification stage, given that such ruling would be based solely on the

8   unsupported assumption that Plaintiff will seek to be appointed as class counsel, it would improper

9   even if Plaintiff had indicated such an intent, for the adequacy-of-counsel requirement is a class-

10   certification requirement and must therefore be addressed upon a motion for class certification, *see*

11   Point I(C), *supra.*

12   **D.**     **Defendant Has Not Cited Any Binding Authority in Support of its Position**

13         Each decision that Defendant offers in support of its position is either off-point or is not

14   binding on this Court. First, Defendant cites *Welch v. Terhune*, 11 Fed. Appx. 747 (9th Cir. 2001)

15   (unpublished), a prisoner action that, Defendant notes, cited *C.E. Pope Equity Trust v. United States*,

16   818 F.2d 696, 697 (9th Cir. 1987), for the proposition that "a *pro se* litigant may not prosecute a

17   class action." Def. Mem. at 2. In *Welch*, in which the plaintiff "appeal[ed] pro se the district court's

18   order denying leave to file the action without prepayment of the full filing fee," *Welch*, 11 Fed.

19   Appx. at 747, the appeal was taken from a short-form order (a copy of which is annexed to Plaintiff's

20   Memorandum as Exhibit "A"). These facts, in combination with the fact that the Ninth Circuit did

21   not see fit to publish its decision, thereby rendering it non-precedential, hardly warrants reliance.

22   Moreover, in *Pope Equity Trust, supra*, the court addressed non-attorney representation in a

23   non–class-action context. *See C.E. Pope Equity Trust*, 818 F.2d at 697-698 (ruling that a non-

24   attorney trustee who was not a beneficiary of the trusts at issue was not a party and therefore could

25   not proceed *pro se* (and, as a non-party, he also could not have proceeded with counsel)).

26         Defendant cites *Adesanya v. West America Bank*, 19 F.3d 25 (9th Cir. 1994) (unpublished),

27

28   **PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

1    *see* Def. Mem. at 5, which, Defendant notes, cited *McShane v. United States*, 366 F.2d 286, 288 (9th

2    Cir. 1966), as "holding that [a]s a *pro se* plaintiff, [plaintiff] ha[d] no authority to appear as an

3    attorney for anyone other than himself." *Id.* (quotation marks omitted). First, *Adesanya* was an

4    unpublished- memorandum disposition, which Defendant fails to note. Second, in *McShane*, the case

5    did not even appear to be a class action. Although the plaintiff there used the term "Class Action,"

6    *see McShane*, 366 F.2d at 287, the court explained that "[i]t appears that the [plaintiff] has

7    undertaken to act in behalf of persons, *naming them* in this court and in the court below, without the

8    authorization or knowledge or consent of at least some of these persons." *Id.* at 288 (emphasis

9    added); *see also id.* at 288, n.2 (detailing an objection from two of the would-be named co-

10   plaintiffs). This, of course, contrasts with a class action, in which the lead plaintiff seeks to represent

11   *unnamed* plaintiffs.

12        Defendant cites *Torrez v. Corrections Corp. of America*, 2010 WL 320486 (D. Ariz. Jan. 20,

13   2010). *See* Def. Mem. at 5. There, a *pro se* prisoner filed a putative class action, and the court found

14   that "certification of this case as a class action is inappropriate." *Torrez*, 2010 WL 320486 at *1.

15   However, it was unclear whether the court made that finding prior to there having been a motion for

16   class certification, for the court also addressed the other class-certification prerequisites of Fed. R.

17   Civ. P. 23. *See id.* Thus, the court either addressed each of the class-certification prerequisites,

18   including adequacy of representation, at the appropriate stage of the case, or it addressed each of

19   these issues prematurely.

20        Finally, Defendant's reference to Plaintiff's two-month suspension, *see* Def. Mem. at 5, n.4,

21   is a blatant, transparent attempt to bias this Court against Plaintiff. While the suspension might or

22   might not have bearing on Plaintiff's qualifications to act as class counsel should he seek to be

23   appointed as such, not only are Plaintiff's qualifications a non-issue at this time, but they are a non-

24   issue according to *Defendant*, whose argument, which is that *pro se* attorneys, as a rule, may not

25   bring a class actions, has nothing to do with Plaintiff's qualifications.

26

27

28   **PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN**
        **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

1

## POINT II

2
3

### BOTH STATUTORY AND CASE LAW AUTHORIZE AN AWARD OF NOMINAL DAMAGES FOR A BREACH OF CONTRACT THAT DOES NOT RESULT IN ACTUAL DAMAGES

4 In *Promex, LLC v. Hernandez*, 781 F.Supp.2d 1013 (C.D. Calif. 2011), the court noted that

5 "[a] cause of action for breach of contract requires proof of . . . (4) damages to [the] plaintiff as a

6 result of the breach." *Id.* at 1017. However, the court proceeded to recognize that nominal damages

7 are to be awarded where actual damages have not been shown:

8
9
10
11
12

> Even where *no actual damages* can be established, a plaintiff who has established that a contract was breached is entitled to an award of *nominal damages* as the breach itself is a "*legal wrong* that is *fully distinct from the actual damages*." *Sweet v. Johnson*, 169 Cal.App.2d 630, 632, 337 P.2d 499 (Ct.App.1959); *see also* CAL. CIV.CODE § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages"). Hence, the Court awards Plaintiffs *nominal damages* in the amount of $1.00.

13 *Id.* at 1019 (emphases added). In *Sweet v. Johnson*, *supra*, the court explained what is now well

14 settled, and still codified, doctrine:

15
16
17
18
19
20
21

> A plaintiff is entitled to recover *nominal damages* for the breach of a contract, *despite inability to show that actual damage was inflicted upon him*, (*Bromberg v. Signal Gasoline Corp.*, 130 Cal. App. 469 [20 P.2d 83]), since the defendant's failure to perform a contractual duty is, in *itself*, a *legal wrong* that is *fully distinct from the actual damages*. The maxim that the law will not be concerned with trifles does not, ordinarily, apply to violation of a contractual right. (*Kenyon v. Western Union Tel. Co.*, 100 Cal. 454 [35 P. 75].) Accordingly, *nominal damages*, which are presumed as a *matter of law* to stem *merely* from the *breach of a contract* (*Ross v. Frank W. Dunne Co.*, 119 Cal. App.2d 690 [260 P.2d 104]), may properly be awarded for the violation of such a right. (*Kenyon v. Western Union Tel. Co.*, supra.) And, *by statute*, such is also the rule in California.

22 *Sweet v. Johnson*, 169 Cal.App.2d at 632-633, citing Cal. Civ.Code § 3360 (emphases added). The

23 well settled rule was reiterated in *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305 (Calif. App.

24 2009):

25
26

> In the event a defendant's breach of contract *did not cause harm* to the plaintiffs, the trier of fact may nevertheless award the plaintiffs *nominal damages*. (Civ. Code, § 3360 ["When a breach of

27

28

---

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

1
2
3
4

> duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."]; CACI No. 360 ["If you decide that [name of defendant] breached the contract but also that [name of plaintiff] was *not harmed* by the breach, you may still award [him/her/it] *nominal damages* such as one dollar."]; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 878, pp. 965-966.)

5
6

*Id.* at 1352 (emphases added). Likewise, the court in *Midland Pacific Budg. Corp. v. King*, 68 Cal. Rptr. 3d 499 (Calif. App. 2007), explained:

7
8
9
10

> The [defendants] argue [that] there is no evidence of damages. But the [defendants] cite *no authority for the proposition that damages is an element of a cause of action for breach of contract. In fact*, in the absence of a showing of *actual* damages, *nominal* damages are available. (Civ.Code, § 3360; *Sweet v. Johnson* (1959) 169 Cal.App.2d 630, 632, 337 P.2d 499.) [The plaintiff] has shown a prima facie case for breach of contract. That is what is necessary for [the plaintiff] to prevail.

11  *Id.* at 507 (emphases added).

12  Defendant's reliance upon *First Commercial Mortg. Co. v. Reece*, 108 Cal.Rptr.2d 23, 89

13  Cal.App.4th 731 (Calif. App. 2001), *see* Def. Mem. at 6, is unwarranted, as there, the court's finding

14  with respect to a requirement of actual damages pertained to fraud, not breach of contract. *See id.*

15  at 31-32. Indeed, there was a breach-of-contract claim at issue, which the court addressed separately.

16  *See id.* at 32-34.

17  Defendant notes that, in *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010 (9th Cir.

18  2000), the court stated that "under California law, breach of contract claim requires showing of

19  appreciable and actual damage." Def. Mem. at 7-8, quoting *Aguilera*, 223 F.3d at 1015 (quotation

20  marks omitted). However, the *Aguilera* court did not address the question of whether nominal

21  damages could be awarded; nor did the court address Civil Code Section 3360. Moreover, the Ninth

22  Circuit, in a more recent case, affirmed the District Court's award of "nominal damages for breach

23  of contract," *State of Idaho Potato Commission v. G & T Terminal Pack., Inc.*, 425 F.3d 708, 719

24  (9th Cir. 2005), even though the plaintiff had "implicitly conced[ed] the lack of support for a contract

25  damages award." *Id.* at 720.

26  In *Ruiz v. Gap, Inc.*, 622 F.Supp.2d 908 (N.D. Calif. 2009), which Defendant cites for the

27

28  **PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

1    proposition that "[n]ominal damages, like speculative harm or fear of future harm, do not suffice to

2    demonstrate legally cognizable damage under California contract law," Def. Mem. at 7, the court

3    found that, in *Aguilera, supra*, "the Ninth Circuit noted that nominal damages, like speculative harm

4    or fear of future harm, would not suffice to show legally cognizable damage under California

5    contract law." *Ruiz v. Gap, Inc.*, 622 F.Supp.2d at 917. Again, the Ninth Circuit, in the post-*Aguilera*

6    case of *G & T Terminal Pack*, recognized that nominal damages are available in the event of a breach

7    of contract where there are no actual damages.

8            Finally, Defendant notes that *Aguilera* quoted *Buttram v. Owens-Corning Fiberglas Corp.*,

9    16 Cal.4th 520, 531, n. 4, 66 Cal.Rptr. 2d 438, 941 P.2d 71 (1997), as follows: "to be actionable,

10   harm must constitute something more than nominal damages, speculative harm, or the threat of

11   future harm-not yet realized." Def. Mem. at 7 (quotation marks omitted). However, *Buttram* was a

12   products-liability action, *see Buttram*, 16 Cal.4th at 524, not a breach-of-contract action; and when

13   the material that Defendant quotes is shown in context, it becomes apparent that *Buttram*, which did

14   not address Civil Code Section 3360, did not change the longstanding rule that nominal damages are

15   available for a mere breach of contract, that is, a breach where no damages result:

16           > *Generally speaking,* to be actionable, harm must constitute
17           > something more than "'nominal damages, speculative harm, or the
           > threat of future harm — not yet realized....'" (*Larcher v. Wanless*
           > (1976) 18 Cal.3d 646, 656, fn. 11 [135 Cal. Rptr. 75, 557 P.2d 507],
18           > quoting *Budd v. Nixen* (1971) 6 Cal.3d 195, 200 [98 Cal. Rptr. 849,
           > 491 P.2d 433] [discussing the concept of actual harm in attorney
19           > malpractice actions].) In California, harm or injury to the plaintiff is
           > an essential element of a ripe cause of action in negligence or strict
20           > liability. (*See* BAJI Nos. 3.00, 9.00 (7th ed. 1992 pocket pt.); *Sinai
           > Temple v. Kaplan* (1976) 54 Cal. App.3d 1103, 1113 [127 Cal. Rptr.
21           > 80].) Moreover, as a *general proposition* it is settled that a plaintiff's
           > cause of action accrues *for purposes of the statute of limitations* upon
22           > the occurrence of the last element essential to the cause of action; that
           > is when the plaintiff is first entitled to sue. (Code Civ. Proc., § 312;
23           > *Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040 [9
           > Cal. Rptr.2d 381, 831 P.2d 821]; 3 Witkin, Cal. Procedure [(4th ed.
24           > 1996)] Actions, § 351, pp. 380-381.)

25   *Buttram*, 16 Cal.4th at 531, n.4 (emphases added).

26           In sum, Plaintiff is entitled to seek nominal damages for Defendant's breach of contract.

27

28   **PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
     OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety and grant Plaintiff any appropriate relief that is authorized by law.

Dated: May 7, 2012

Respectfully submitted,

ALBERT RUDGAYZER
305 Broadway
Suite 501
New York, New York 10007
(212) 260-5650

Plaintiff *Pro Se*

---

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

# EXHIBIT A

Case 2:00-cv-01680-UA Document 2 Filed 02/28/00 Page 1 of 1 Page ID #:1

FEB 1 6 2000

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED

MAR - 1 2000

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

CLERK, U.S. DISTRICT COURT

FEB 2 8 2000

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM W. WELCH,**<br>**CDC# C-72286**<br><br>PLAINTIFF(S),<br><br>v.<br><br>**CAL TERHUNE, DIRECTOR, CDC, ET AL.,**<br><br>DEFENDANT(S). | **CASE NUMBER**<br>CV 00-01680 HP (JHK)<br><br>ORDER RE LEAVE TO FILE ACTION<br><br>WITHOUT PREPAYMENT OF FULL FILING FEE |

**IT IS ORDERED** that the complaint be filed without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $150.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. §1915.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE

☒ **IT IS RECOMMENDED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency

☐ District Court lacks jurisdiction

☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

☐ Immunity as to _____

☐ Legally and/or factually patently frivolous

☒ Other: plaintiff cannot act as legal representative

Comments: for purported class.
- failure to exhaust administrative remedies

ENTERED ON ICMS

MAR - 1 2000

Docketed ✓
Mld copy Ptys
Mld Notice Ptys
JS. 6

Dated: February 18, 2000

_____
UNITED STATES MAGISTRATE JUDGE

**IT IS ORDERED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ **GRANTED** ☒ **DENIED** (See recommendation above).

Dated: 2/25/00

_____
UNITED STATES DISTRICT JUDGE

CV-73c (2/99) ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2012, a true and accurate copy of the foregoing has been served via first-class mail of the United States Postal Service on the following:

Michele D. Floyd
K&L GATES LLP
630 Hansen Way
Palo Alto, CA 94304

*Counsel to Defendant*

TODD C. BANK

**PLAINTIFF'S DECLARATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; 3:12-cv-01399-SBA**

FedEx Ship Manager - Print Your Label(s)

Page 1 of 1

From: (718) 520-7125
Law Office of Todd C. Bank
Origin ID: PTRA

119-40 Union Turnpike
Fourth Floor
New Gardens, NY 11415

BILL SENDER

SHIP TO: (510) 637-3530
Clerk's Office
United States District Court
1301 CLAY ST STE 400S

OAKLAND, CA 94612

Ship Date: 07MAY12
ActWgt: 1.0 LB

Ref #
Invoice #
PO #
Dept #

TUE - 08 MAY A1
STANDARD OVERNIGHT

94612
CA-US
OAK

XH JBSA

TRK# 7935 3948 7356

WED - 09 MAY A1
STANDARD OVERNIGHT

94612
CA-US
OAK

XH JBSA

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.

Envelope

Align top of FedEx Express® shipping label here.

Align bottom of peel and stick airbill here.

earthsmart

FedEx carbon-neutral
envelope shipping

FedEx Express