Michele D. Floyd (SBN 163031)
michele.floyd@klgates.com
**K&L GATES LLP**
630 Hansen Way
Palo Alto, CA  94304
Telephone: (650) 798-6700
Facsimile: (650) 798-6701

Attorneys for Defendant YAHOO! INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC.,<br><br>Defendant. | Case No. 4:12-cv-01399-SBA<br><br>**DEFENDANT YAHOO! INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br>**[Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6)]**<br><br>**Date:  June 26, 2012**<br>**Time:  1:00 p.m.**<br>**Courtroom:  1, 4th Floor**<br>**Hon. Saundra B. Armstrong** |

Yahoo! Inc. ("Yahoo!") hereby submits its Reply in Support of its Notice of Motion and Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff's Opposition confirms that he has no standing and that this Court has no jurisdiction over his Complaint. In his nine page brief, Plaintiff never provides any basis for this Court to exercise subject matter jurisdiction over his individual breach of contract claim. In fact, Plaintiff makes only two arguments in his Opposition. First, he argues that the motion is premature because his class allegations cannot be dismissed at the pleading stage. His theory is that he can proceed in propria persona ("*pro se*") until a class is certified. Second, he argues that the possibility of a nominal damage award is sufficient to establish both the element of "damage" that is essential to a breach of contract claim and "injury" for Article III standing. Plaintiff is wrong on both fronts and the Complaint should be dismissed.

Yahoo!'s request for dismissal is not premature. Courts frequently dismiss class allegations at the pleading stage, particularly when the plaintiff is proceeding in *pro se*. In the words of this very Court, "*pro se* plaintiffs cannot pursue claims on behalf of others in a representative capacity." *Morgovsky v. Adbrite, Inc.*, No. C10-05143 (Hon. S. Armstrong), 2012 WL 1595195 (N. D. Cal. 2012). And when they try, their complaints are dismissed at the pleading stage. Plaintiff relies solely on CAFA as the basis for federal diversity jurisdiction, but his *pro se* status precludes him from pursuing class relief as a matter of law. Thus, the once the class action allegations are dismissed, the entire Complaint must follow.

Plaintiff also failed to state a claim and, in fact, lacks standing to pursue his breach of contract claim because he has not, and cannot, allege injury. His only response is that California law allows an award of nominal damages for breach of contract. This is true, but wholly irrelevant here. Damage is both an essential element of a contract claim and required for Article III standing. Plaintiff's argument simply conflates the propriety of a nominal damage award with the injury requirement and overlooks completely the fact that he must still point to some damage in order to state a claim for relief. The Opposition, as the Complaint, is devoid of any damage theory. Accordingly, dismissal is proper.

## II. ARGUMENT

### A. Plaintiff Cannot Represent a Class And He Fails to Support His Argument that Dismissal At the Pleading Stage is Premature

Plaintiff's primary argument is that dismissal of his class claims at the pleading stage is premature. By asking the Court to essentially disregard the class allegations at this stage, however, Plaintiff only underscores the fact that his breach of contract claim cannot proceed in federal court. *See* Plaintiff's Memorandum of Points and Authorities In Opposition to Defendant's Motion to Dismiss the Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Opposition"), p.p. 1-3. The Complaint, on its face, fails to plead facts sufficient to state a claim for class relief. It is clear that Plaintiff cannot satisfy Rule 23 because a *pro se* plaintiff cannot represent a class as a matter of law. Accordingly, dismissal at the pleading stage is proper. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir.2010) (noting a district court "would have to dismiss a case [if] it would have been certain from the outset of the litigation that no class could be certified."); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 n.3 (9th Cir. 2010).

Plaintiff's argument that he can proceed in *pro per* until the certification stage is not well taken. Courts in this Circuit have repeatedly dismissed class allegations at the pleading stage, particularly when confronted with a *pro se* plaintiff. *See Morgovsky v. Adbrite, Inc.*, No. C10-05143 (Hon. S. Armstrong), 2012 WL 1595195 (N. D. Cal. 2012) (granting motion to dismiss class allegations on ground plaintiff in *pro se*), (citing *Simon v. Hartford Life, Inc.*, 546 F. 3d 661, 664 (9th Cir. 2008) and *Johns v. County of San Diego,* 114 F. 3d 874, 876 (9th Cir. 1997)); *see also Torrez v. Corrections Corp. of America*, 2010 WL 320486 (D. Ariz. Jan. 20, 2010) (dismissing a *pro se* class action *sua sponte* before the defendant appeared); *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009) (dismissing class allegations at the pleading stage).

Plaintiff cites two cases to support his argument that dismissal of class allegations at the pleading stage is premature. Both are inapposite. In *Uyeda v. J.A. Cambece Law Office, P.C.*, No. C04-04312 (JW), 2005 WL 1168421 (N. D. Cal. May 16, 2005), the plaintiff was represented by

counsel. And, there, the issue was not whether a *pro se* plaintiff had standing to represent a class but instead whether the requirements of Rule 23(b)(2) could be satisfied on the merits. *Steinberg v. Nationwide Mutual Ins. Co.*, 224 F.R.D. 67, 71 (E.D.N.Y. 2004), which is a case from New York, involved a motion for class certification that was brought when plaintiff had counsel. Thus, the case did not speak at all to whether dismissing a *pro se* class claim on the pleadings was premature. Here, in contrast, the Court's jurisdiction and plaintiff's standing rest solely upon class allegations that are unsustainable on their face because Plaintiff is representing himself. Thus, dismissal is appropriate under Rule 12(b)(1) and/or Rule 12(b)(6).

### B. Once the Class Allegations Are Dismissed the Complaint Fails Because the Court Lacks Subject Matter Jurisdiction

Plaintiff relies only on the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), for federal jurisdiction. Plaintiff's class allegations must be dismissed because his *pro se* status precludes him from representing a class as a matter of law. And, if he cannot represent a class, he cannot rely on CAFA for federal subject matter jurisdiction. Plaintiff entirely ducks the question of jurisdiction in his Opposition by attempting to characterize the issue as one of timing. But, he is wrong—without the class allegations, Plaintiff's claim is simply one for breach of contract seeking nominal damages. There is no subject matter jurisdiction over this claim, and without subject matter jurisdiction this case cannot remain in federal court – regardless of Plaintiff's right to pursue an individual breach of contract claim in *pro se*.

As discussed in Yahoo!'s opening brief and touched upon above, it is beyond question that a *pro se* plaintiff cannot represent a class. The issue is one of adequacy under subdivision (a)(4) of Rule 23. Adequate representation is a two part inquiry that looks to whether: "(1) the class representatives . . . have interests antagonistic to the unnamed class members and (2) the representatives [are] able to prosecute the action 'vigorously through qualified counsel.'" *Sweet v. Pfizer*, 232 F.R.D. 360, 370 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). A *pro se* plaintiff cannot satisfy this inquiry, and the Ninth Circuit has repeatedly recognized "the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well

4

established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities.") (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966)); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself"); *Simon*, 546 F.3d at 664-65 (collecting cases); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Because Plaintiff in this action seeks to pursue the claims of others as a class representative, he may not proceed *pro se*.

Plaintiff's only response to this argument is to attack *Welch v. Terhune*, 11 Fed. Appx. 747 (9th Cir. 2001)(unpublished) as non-binding authority. *See* Opposition, p. 4. Regardless of its precedential effect, *Welch* accurately states the law in this Circuit. As the Court in *Russell v. United States* explained: "[a] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell*, 308 F.2d at 79. Accordingly, Plaintiff's class allegations are faulty on their face and this Court cannot exercise jurisdiction under CAFA. Because Plaintiff clearly cannot satisfy the amount in controversy requirement for diversity jurisdiction generally under 28 U.S.C. § 1332, subdivision (a) (as his "nominal damage" argument establishes), this Court must dismiss the Complaint.

**C.  Plaintiff's Breach of Contract Claim Nonetheless Fails Because His Nominal Damage Argument Conflates the Essential Element of Injury With A Damage Award**

Even if this Court could exercise subject matter jurisdiction over the sole breach of contract claim, that claim still fails and must be dismissed. Plaintiff has failed to allege *any* actual injury or damage and thereby has failed to allege facts sufficient to either state a claim for breach of contract or to establish Article III standing. Plaintiff points out that Civil Code § 3360 allows nominal damages for a breach of contract claim. Opposition, pp. 6-9. Nominal damages are available when a plaintiff can plead injury resulting from a breach but cannot quantify the amount of damage. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *In re Facebook Privacy Litigation*, No. C 10-02389 (JW), 2011 WL 6176208, at *4 (N.D. Cal. Nov. 22, 2011) (citing *Guatier v. General Tel. Co.*, 234 Cal. App. 2d 302, 305 (1965)). But, they are not a substitute for injury. As this Court recently stated in the *Facebook Privacy Litigation,* "[n]ominal damages and speculative harm do not suffice to

show legally cognizable damage under California contract law." *In re Facebook Privacy Litigation*, 2011 WL 6176208, at *4 (dismissing similar breach of contract claims based on the disclosure of allegedly "personal" information).

The result is the same in the context of Article III standing. "[T]he damage element inherent in contractual claims parallels the type of concrete, non-speculative injury that must be pled in order to adequately allege injury in fact under Article III." *Claridge v. Rock You, Inc.*, 785 F. Supp. 2d 855, 865 (N.D. Cal. 2011) (citing *Buttram v. Owens-Corning Fiberglas Corp.*, 16 Cal. 4th 520, 531 n.4 (1997) ("[T]o be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm-not yet realized.")). "A 'legally and cognizable' injury-in-fact must be 'distinct and palpable' not 'abstract or conjectural or hypothetical.'" *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1346 (2009) (citing *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F. 3d 286 (3d Cir. 2003)).

Plaintiff's argument that nominal damages are available generally for breach of contract misses the point. Plaintiff has sustained *no* damage at all. He confuses case law regarding the method by which damages may be calculated with the requirement of showing an actual injury in fact. The cases cited by Plaintiff, therefore, do not stand for the proposition that a plaintiff who has suffered no harm at all can bring a claim. Instead they hold, as does Section 3360, that a plaintiff whose damages are not "appreciable" (large enough to be estimated or measured), or quantifiable, may nonetheless be entitled to an award of nominal damages. For example, in *ProMex, LLC v. Hernandez*, the Court found that as a result of the breach of contract, the plaintiff had likely lost profits, but found that the plaintiff failed to provide sufficient evidence to prove to a reasonable certainty the amount of the actual loss and therefore chose instead to award nominal damages. 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011). Additionally, in *State of Idaho Potato Commission v. G & T Terminal Packaging, Inc.*, 425 F.3d 708 (9th Cir. 2005), the Plaintiff pled that he was damaged. The Court found plaintiff's evidence of damage to be too speculative, but awarded nominal damages. Finally, in *Troyk*, the plaintiff properly alleged injury by pleading economic loss and in fact provided sufficient evidence of that potential loss to overcome summary judgment. *Troyk,* 171 Cal. App. 4th 1305 1346 (2009).

In stark contrast to the plaintiffs in these cases, Plaintiff has failed to allege that he or the alleged class members have suffered any damage at all.  And, he cannot do so because the case law is clear that disclosure of personal information does not constitute actionable damages for a breach of contract claim.  *In re Facebook Privacy Litigation,* 2011 WL 6176208, at *4; *see also La Court v. SpecificMedia*,. No. SACV 10-1256-GW, 2011 WL 2473399 (C.D. Cal. Apr. 28, 2011) (finding disclosure of personal information did not support finding of economic harm).  Plaintiff's claim should be dismissed as he has wholly failed to allege properly either Article III standing or a valid claim for breach of contract.

### III.  CONCLUSION

Based on the foregoing law and argument, Yahoo! respectfully requests that the Court grant its motion and dismiss the action in its entirety.

K&L GATES LLP

Dated:  May 17, 2012     By:     */s/ Michele D. Floyd*
                                        Michele D. Floyd
                                        Attorneys for Defendant YAHOO! INC.