UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>YAHOO!, INC.,<br><br>Defendant. | Case No. C 12-01399 SBA<br><br>**ORDER GRANTING MOTION FOR INTRADISTRICT VENUE TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Docket 7, 8. |

On March, 20, 2012, Plaintiff Albert Rudgayzer ("Plaintiff"), proceeding pro se, filed a class action complaint against Defendant Yahoo!, Inc. ("Yahoo!") alleging a breach of contract claim. Dkt. 1. The parties are presently before the Court on Yahoo!'s motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion for intradistrict venue transfer under Civil Local Rule 3-2. Dkt. 7, 8. Plaintiff opposes the motion to dismiss, Dkt. 15, but does not oppose the motion for intradistrict venue transfer. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Yahoo!'s motion for intradistrict venue transfer and DENIES Yahoo!'s motion to dismiss without prejudice, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.  DISCUSSION**

  **A.  Motion for Intradistrict Venue Transfer**

Yahoo! moves for an order transferring this action from the Oakland Division to the San Jose Division of the Northern District of California pursuant to Civil Local Rule 3-2.

1  Yahoo! contends that transfer is appropriate because "the transactions and occurrences
2  related to Plaintiff's putative class action breach of contract claim all relate to Plaintiff's use
3  of Yahoo!'s free email services, and therefore originated in Sunnyvale, CA, where Yahoo!'s
4  corporate offices are located."  Yahoo!'s Mot. to Transfer at 2, Dkt. 8.
5      Civil Local Rule 3-2 provides that "except for Intellectual Property Actions,
6  Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil
7  Rights Actions, upon initial filing, all civil actions and proceedings for which this district is
8  the proper venue shall be assigned by the Clerk to a Courthouse serving the county in
9  which the action arises."  N.D. Cal. Civ. L.R. 3-2(c).  "A civil action arises in the county in
10 which a substantial part of the events or omissions which give rise to the claim occurred or
11 in which a substantial part of the property that is the subject of the action is situated."  Id.
12     Civil Local Rule 3-2(e) provides that, "[e]xcept as provided in Civil L.R. 3-2(c), all
13 civil actions which arise in . . . Santa Clara [County] . . . shall be assigned to the San Jose
14 Division."  N.D. Cal. Civ. L.R. 3-2(e).  Civil Local Rule 3-2(h) provides that "[w]henever a
15 Judge finds . . . that a civil action has not been assigned to the proper division within this
16 district in accordance with this rule, or that the convenience of the parties and witnesses and
17 the interests of justice will be served by transferring the action to a different division within
18 this district, the Judge may order such transfer . . ."  N.D. Cal. Civ. L.R. 3-2(h).
19     Here, because this case does not fall within any of the exceptions set forth in Civil
20 Local Rule 3-2(c), this action must be assigned to the "Courthouse serving the county in
21 which the action arises in."  In this case, that means the Courthouse serving the county "in
22 which a substantial part of the events or omissions which give rise to the claim occurred."
23     The complaint alleges that Plaintiff is a citizen of New York and that Yahoo! is a
24 corporation organized under the laws of Delaware with its "principal executive office" in
25 Sunnyvale, California.  Compl. ¶¶ 8-9, Dkt. 1.  The complaint asserts one claim for breach
26 of contract arising out of the use of Yahoo!'s e-mail service that Yahoo! provides to
27 members of the public.  Compl. ¶¶ 1-2, 10.  Specifically, Plaintiff alleges that Yahoo!'s
28 "Terms of Service" constitutes a contract ("Yahoo! Contract") and that the Yahoo! Contract

incorporates Yahoo!'s Privacy Policy.[1]  Id. ¶¶ 13, 15.  Plaintiff further alleges that Yahoo! has breached the terms of its Privacy Policy by disclosing, without any prior notice to its e-mail users, the first and last names of the users in the header of the e-mails they sent from their Yahoo! account.  Id. ¶¶ 1-2, 12, 15-17, 27.

Based on the allegations in the complaint, the Court concludes that this action should have been assigned to the San Jose Division.  Yahoo!'s corporate offices are in Sunnyvale, CA, which is located within Santa Clara County.  As such, "the events or omissions" which give rise to the breach of contract claim alleged in the complaint occurred in Santa Clara County.  Accordingly, Yahoo!'s motion for intradistrict venue transfer is GRANTED.

### B. Motion to Dismiss

In light of the Court's ruling on Yahoo!'s motion for intradistrict venue transfer, the Court DENIES Yahoo!'s motion to dismiss without prejudice to the refiling of the motion after the instant action has been transferred to the San Jose Division and reassigned to a judge in that division.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Yahoo!'s motion for intradistrict venue transfer is GRANTED.

2. Yahoo!'s motion to dismiss is DENIED without prejudice.

3. The Clerk shall transfer this case to the San Jose Division.

4. This Order terminates Docket 7 and Docket 8.

IT IS SO ORDERED.

Dated:  7/12/12

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Notably, the complaint alleges that the Yahoo Contract contains a provision stating that " 'any and all claims, causes of action or disputes (regardless of theory) arising out of or relating to the [Yahoo Contract] . . . shall be brought exclusively in the courts located in the county of Santa Clara, California or the U.S. District Court for the Northern District of California.' "  Compl. ¶ 14.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RUDGAYZER et al,

       Plaintiff,

 v.

YAHOO!, INC. et al,

       Defendant.
_____/

Case Number: CV12-01399 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Albert Rudgayzer
305 Broadway
Suite 501
New York, NY 10007

Dated: July 17, 2012

                Richard W. Wieking, Clerk

                      By: Lisa Clark, Deputy Clerk