Michele D. Floyd (SBN 163031)
michele.floyd@klgates.com
**K&L GATES LLP**
630 Hansen Way
Palo Alto, CA  94304
Telephone: (650) 798-6700
Facsimile: (650) 798-6701

Attorneys for Defendant YAHOO! INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>   v.<br><br>YAHOO! INC.,<br><br>              Defendant. | Case No. 5:12-cv-01399-EJD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. P. 12(b)(1); 12(b)(6)]**<br><br>Date:     October 26, 2012<br>Time:     9:00 a.m.<br>Ctrm:     4, 5th Floor<br>Judge:    Honorable Edward J. Davila |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6); Case No.: 5:12-cv-01399-EJD**

**NOTICE OF MOTION AND MOTION TO DISMISS**
**<u>CLASS ACTION COMPLAINT</u>**

PLEASE TAKE NOTICE THAT at 9:00 a.m. on October 26, 2012 or as soon thereafter as the matter may be heard by the Court, in the Courtroom of the Honorable Edward J. Davila, located in the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Defendant Yahoo! Inc., through its attorneys of record, will, and hereby does, move the Court for an order dismissing Plaintiff's Class Action Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, alternatively, for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

This Motion is based upon this Notice; the attached Memorandum of Points and Authorities; the complete files and records of this action, the arguments of counsel, and such other matters that the Court properly may consider.

**<u>STATEMENT OF RELIEF SOUGHT</u>**

Yahoo! Inc. ("Yahoo!") seeks an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction over this dispute. Alternatively, Yahoo! seeks dismissal pursuant to Rule 12(b)(6) because the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff, Albert Rudgayzer, *pro se*, brings this putative breach of contract class action against Yahoo! alleging that Yahoo! breached its Privacy Policy by disclosing his full name to his mail recipients. More specifically, Yahoo! displays the registered name as the "sender" of an email. Plaintiff contends that this disclosure breaches Yahoo!'s Privacy Policy. Plaintiff's claim is meritless and is subject to dismissal both because this court lacks subject matter jurisdiction over the Complaint and, alternatively, because Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff alleges that this Court has subject matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Plaintiff, however, is attempting to represent a class in *pro se*. And, it is well settled that a *pro se* plaintiff cannot represent a class. *See McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. U.S.*, 308 F.2d 78, 79 (9th Cir. 1962). Accordingly, Plaintiff's class allegations fail as a matter of law and he therefore cannot rely on CAFA as the basis for subject matter jurisdiction. Individually, Plaintiff cannot meet the requirements for diversity jurisdiction because he cannot satisfy the $75,000.00 amount in controversy requirement. Therefore, there is no basis for federal subject matter jurisdiction and Plaintiff's Complaint must be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(1).

Alternatively, even if this Court had subject matter jurisdiction, which it does not, Plaintiff's Complaint fails because it fails to state a claim upon which relief may be granted. Specifically, Plaintiff has not alleged any harm caused by his name being displayed in the header of his email. Proximately caused harm, however, is an essential element of a breach of contract claim. Accordingly, Plaintiff has failed to allege facts sufficient to state a claim for relief and the Complaint must be dismissed.

**II.    STATEMENT OF FACTS[1]**

Yahoo! offers a popular and free web-based email service to members of the public. (Compl.

---

[1] Yahoo! does not admit the factual allegations contained in plaintiff's Complaint, but accepts them as true solely for purposes of this Motion to Dismiss.

2
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6); Case No.: 5:12-cv-01399-EJD**

¶ 10.) Plaintiff registered for this service on or about October 2011, and in doing so, provided his name to Yahoo! along with certain other identifying information. (*Id.*¶ 11). Subsequently, when Plaintiff sent an email from his free Yahoo! account to recipients that he intended to communicate with, the address line included the name that he used to register for the Service. (*Id.*¶ 12, 21). Plaintiff alleges that the disclosure of his full name to the selected recipients of his email violates his privacy rights.

Plaintiff does not allege to whom his name was disclosed other than unidentified email recipients. Nor does he allege that his name was used, either inappropriately or appropriately, by a recipient of his email. He also does not allege that his name was disclosed to third-parties with whom he was not intentionally emailing. Nonetheless, Plaintiff alleges that the mere disclosure of the name he gave to Yahoo! breaches Yahoo!'s Privacy Policy. (*Id.*¶ 17).

In the Complaint, Plaintiff asserts that this Court has jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and that "[t]he matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." (*Id.*¶¶ 4, 5). Plaintiff also states, as a legal conclusion, that "compensation would not afford adequate relief to Plaintiff and the other Class Members," that "it would be extremely difficult to ascertain the amount of monetary damages that would afford adequate relief…" and that he is entitled to actual, nominal and putative damages. (*Id.*¶¶ 23, 24, 28). Plaintiff does not allege that the disclosure of his name or the names of the class members resulted in any *actual* injury.

### III. LEGAL STANDARDS

#### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion may attack a complaint either on its face or on the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co., Inc., v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 732-33 (9th Cir. 1979). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial jurisdictional attack, the Court must accept the factual allegations in Plaintiff's

complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nevertheless, "[t]he burden of proof in a 12(b)(1) motion is on the party asserting jurisdiction, and the court will presume a lack of jurisdiction until the pleader proves otherwise." *Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1135 (C.D. Cal. 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

### B.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a motion to dismiss is proper when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff is required to plead "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the well-pled facts do not permit more than the mere inference of misconduct, the complaint may have alleged, but will have not "shown," an entitlement to relief. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). Where, as here, there is no plausible claim alleged and amendment is futile, the Court should dismiss without leave to amend. *See Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991) ("The district court may decline to grant [leave to amend], though, where there is 'any *apparent or declared* reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment").

## IV.  ARGUMENT

### A.  The Deficiency of Plaintiff's Class Allegations Necessarily Deprives this Court of Jurisdiction.

It is settled that a Plaintiff cannot represent a class in *pro se*. *See Cevallos v. City of Los Angeles*, 914 F. Supp. 379, 385 (C.D. Cal. 1996) ("It is well established that a layperson ordinarily cannot represent the interests of a class of other plaintiffs. To fairly and adequately represent a class,

the plaintiff must be represented by counsel…").  "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class."  *Torrez v. Corrections Corp. of America*, No. CV 09-2298-PHX-MHM, 2010 WL 320486, *1 (D. Ariz. January 20, 2010) (*quoting Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983)).

Equally settled is that a court can dismiss class allegations at the pleading stage.  Fed. R. Civ. Proc. 23(c)(1)(A) (requiring determination of propriety of class action at "an early practicable time"); see *Lumpkin v. E.I. DuPont de Nemours & Co.*, 161 F.R.D. 480, 481-82 (M.D. Ga. 1995) (striking class allegations and stating that "awaiting further discovery will only cause needless delay and expense").  Plaintiff's allegations must therefore be sufficient to satisfy the requirements of Rule 23 or they are subject to dismissal.  *Cook County College Teachers Union, Local 1600, Am. Federation of Teachers, AFL-CIO v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) ("[The plaintiff] was obliged in its complaint to allege facts bringing the action within the appropriate requirements of the Rule."); *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

Here, Plaintiff's allegations do not satisfy Rule 23 because, as set forth above,  a *pro se* plaintiff cannot, as a matter of law, adequately represent a class as required by Rule 23(a)(4).  Thus, Plaintiff's attempt to represent a class of "all persons and entities who, without prior notice, have had their names disclosed when sending emails from their Yahoo [sic] Email Addresses…at any time during the period beginning four years prior to the commencement of this action and continuing until the resolution of this action (the 'Class Period')" fails on its face. Compl. ¶ 2.  Because it is evident on the face of the Complaint that Plaintiff has failed to plead facts sufficient to satisfy the adequate representation requirement of Rule 23 (a)(4), Plaintiff cannot rely on CAFA as the basis for subject

matter jurisdiction.² And, because Plaintiff's sole ground for asserting federal jurisdiction over his single breach of contract claim is CAFA, this Court lacks subject matter jurisdiction making dismissal appropriate.

**B.  Plaintiff Has Failed to Plead Any Alternative Factual Basis for Subject Matter Jurisdiction Absent the Class Allegations**

Plaintiff's breach of contract claim, on its own, cannot satisfy the $75.000.00 amount in controversy requirement of 28 U.S.C. 1332(a). Plaintiff has not alleged any specific monetary damage nor has he alleged the value of the right to enforce the terms of the contract. *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333 (1977). Even if he had attempted to allege the value, it would not be credible to argue that Plaintiff sustained losses valuing more than $75,000 from having his name included in the address line of an email,³ nor could he allege that the value of injunctive relief, namely removing his name from his email account, is worth $75,000 or more. Accordingly, dismissal of this action under FRCP 12(b)(1) is appropriate as the Court lacks jurisdiction over this cause of action.

**C.  Alternatively, Plaintiff Fails to Allege Facts Sufficient to State a Claim for Breach of Contract Because He Fails to Allege Damage**

Even if Plaintiff could establish that this court has subject matter jurisdiction over his claim, which he cannot, his breach of contract claim must be dismissed because Plaintiff has failed to allege that he has suffered, or is likely to suffer, *any* damage caused by the alleged breach. Because damage is an essential element of a breach of contract claim (and Article III standing),⁴ Plaintiff has failed to allege facts sufficient to state a claim.⁵

---

² At "an early practicable time" in a putative class action, a court must determine whether an action can properly be certified for class treatment

³ If Plaintiff suffered some detriment from a specific disclosure incident that caused him to suffer monetary loss, it is not alleged in the Complaint.

⁴ A lawsuit cannot proceed without meeting Article III's "irreducible constitutional minimum" of alleging an injury in fact. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed. 2d. 351 (1992).

⁵ Plaintiff's *pro se* status should not deter the Court's dismissal of this Complaint. "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364,

Damage is an essential element of a cause of action for breach of contract. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) ("Under California law, a breach of contract claim requires showing of appreciable and actual damage") (citing *Patent Scaffolding Co. v. William Simpson Const. Co.*, 256 Cal. App.2d 506, 511, 64 Cal. Rptr. 187 (1967) ("A breach of contract without damage is not actionable.").[6] While Civil Code § 3360 permits an award of nominal damages for a breach of contract claim, a plaintiff must plead damage resulting from the alleged contractual breach in order to be entitled to such award. *In re Facebook Privacy Litig.*, Case No. C 10-02389 JW, 2011 WL 6176208, at *4 (N.D. Cal. Nov. 22, 2011) (citing *Guatier v. General Tel. Co.*, 234 Cal. App.2d 302, 305 44 Cal. Ct. App. 1965). As this Court recently stated, in dismissing similar breach of contract claims based on the disclosure of allegedly "personal" information, "[n]ominal damages and speculative harm do not suffice to show legally cognizable damage under California contract law." *In re Facebook Privacy Litig.*, Case No. C 10-02389 JW, 2011 WL 6176208, at *4 (N.D. Cal. Nov. 22, 2011); see also *Aguilera*, 223 F.3d at 1015 (9th Cir. 2000) (quoting *Buttram v. Owens-Corning Fiberglas Corp.*, 16 Cal. 4th 520, 531 n. 4, 66 Cal. Rptr. 2d 438, 941 P.2d 71 (1997) ("[T]o be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm-not yet realized."). Further, conclusory allegations of harm are not enough. *See Twombly*, 550 U.S. at 555. "[T]he damage element inherent in contractual claims parallels the type of concrete, non-speculative injury that must be pled in order to adequately allege injury in fact under Article III." *Claridge v. Rock You, Inc.*, 785 F. Supp.2d 855,

---

365 (1982)). In practice, this means that *pro se* plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This does not mean, however, that a court can make the Plaintiff's case where he has failed to do so, especially where as here, the plaintiff is in fact trained in the law, albeit of another state. "[C]ourts should not have to serve as advocates for *pro se* litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Indeed, "[h]e who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to ... assist and guide the *pro se* layman[.]" *Jacobsen v. Filler*, 790 F.2d 1362, 1365, n. 5 (9th Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 305 (10th Cir. 1977)).

[6] Pursuant to the Yahoo! Terms of Service, California law governs claims arising between the parties. This Court may consider Yahoo!'s Terms of Services in this motion to dismiss because the Complaint refers to and is clearly is based upon them, it is material to plaintiff's allegations, and their authenticity is not subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (documents referred to and central to complaint may be considered on motion to dismiss without converting motion to a motion for summary judgment).

865 (N.D. Cal. 2011); *see also Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1346 (2009) ("A 'legally cognizable' injury-in fact must be 'distinct and palpable' not 'abstract or conjectural or hypothetical.'") (internal citations omitted).

Here, absent from the Complaint is any allegation of monetary or property loss specific to Plaintiff or any other user that resulted from the disclosure of user names. The Complaint includes the general allegation that Plaintiff's name was included in the email header of messages sent by Plaintiff from his Yahoo! email address and thereby disclosed to the recipient. The Complaint also alleges entitlement to actual damages or "nominal damages pursuant to California Civil Code Section 3360 in the event that Yahoo!'s breach of contract has caused no appreciable detriment." (Compl. ¶ 28). However, Plaintiff has failed to allege a specific instance where he suffered any actual damage or cognizable harm as a result of the disclosure – likely because he cannot.[7]

The mere disclosure of one's name, without more, does not constitute actionable damage sufficient to support a breach of contract cause of action. *See Low v. LinkedIn Corp.*, 11-CV-01468-LHK, 2012 WL 2873847 (N.D. Cal. July 12, 2012) (dismissing breach of contract claims based on disclosure of personal information for failure to allege cognizable damage); *In re Facebook Privacy Litig.*, No. C 10-02389 JW, 2011 WL 6176208, at *4-5 (N.D. Cal. Nov. 22, 2011) (finding plaintiffs failed to state a claim for breach of contract where only harm alleged was disclosure of personally identifiable information).[8] Thus, because Plaintiff has failed to show "actual and appreciable damages," his sole claim for breach of contract should be dismissed.

## V. CONCLUSION

---

[7] Plaintiff cannot assert that the disclosure of the personal information itself constitutes a loss of some value. This Court recently held in *In re Facebook Privacy Litig.*, that personally identifiable information is not property and does not "constitute [] currency." 791 F. Supp. 2d 705,715 n.10 (N.D. Cal. 2011).

[8] *See also La Court v. Specific Media*, No. SACV 10-1256-GW, 2011 WL 2473399 (C.D. Cal. Apr. 28, 2011) (finding disclosure of personal information did not support finding of economic harm); *In re iPhone Application Litig.*, No. 11-MD-02250 LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) (finding merely alleging the disclosure of personal information does not create an injury in fact); *Dyer v. Nw. Airlines Corps.*, 334 F. Supp. 2d 1196, 1200 (D. N.D. 2004) (dismissing breach of contract claim premised on disclosure of information in violation of privacy policy based on a finding that Plaintiff failed to allege any specific facts to support "conclusory statements" regarding damages).

Based on the foregoing law and argument, Yahoo! respectfully requests that the Court grant its motion and dismiss the Complaint with prejudice.

**K&L GATES LLP**

Dated:  July 31, 2012              By:     */s/ Michele D. Floyd*
                                           Michele D. Floyd
                                           Attorneys for Defendant YAHOO! INC.