Michele D. Floyd (SBN 163031)
michele@zwillgen.com
ZWILLGEN LAW LLP
425 Market Street, Suite 2220
Telephone: (415) 955-2796
Facsimile: (415) 955-2796

Leota Tennant (admitted *pro hac vice*)
leota@zwillgen.com
ZWILLGEN PLLC
1705 N Street, NW
Washington, DC 20036
Telephone: 202-706-5209
Facsimile: 202-706-5298

Attorneys for Defendant YAHOO! INC.

Albert Rudgayzer
305 Broadway
Suite 501
New York, NY 10007
Telephone: (212) 260-5650
Facsimile: (888) 327-1109

Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC.,<br><br>Defendant. | Case No. 5:12-cv-01399-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Honorable Edward J. Davila**<br><br>**Case Management Conference set for August 24, 2012** |

Pursuant to Local Rule 16-9, and the Standing Order for all Judges of the Northern District of California, Plaintiff Albert Rudgayzer ("Plaintiff") and Defendant Yahoo!, Inc. ("Defendant" or "Yahoo!") (collectively, the "Parties"), hereby jointly submit the following Case Management Statement.

I. **JURISDICTION AND SERVICE**

Plaintiff alleges that this Court has subject matter jurisdiction over the claims in this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). As more fully set forth in its

2

Motion to Dismiss, Defendant Yahoo! challenges Plaintiff's reliance on 27 U.S.C. § 1332(d) as a basis for jurisdiction on the ground that Plaintiff cannot represent a class *pro se* and therefore his class action allegations are faulty on their face and must be dismissed. Absent valid class action allegations, jurisdiction under CAFA fails.

No issues exist with respect to personal jurisdiction or venue, and Defendant has been properly served.

## II. SUBSTANCE OF THE ACTION

In this putative class action, Plaintiff alleges that Yahoo! violated its privacy policy when it disclosed his full name in the address headers of the emails that Plaintiff sent from his own Yahoo! Mail account. Plaintiff is acting in *pro se* and purports to represent a class in *pro se*.

Yahoo! disputes Plaintiff's standing to bring this suit as he has failed to allege any harm stemming from the disclosure of his name to the recipients of his emails. Yahoo! further denies that it has engaged in any conduct that violates its Privacy Policy.

## III. FACTUAL ISSUES IN DISPUTE

The factual issues disputed in this case include, but are not limited to:

1. Whether Yahoo! users had prior notice that their names would be included in the headers of the email they send;

2. Whether and when users consented to the disclosure of their first and last names to the recipients of the email that they sent;

3. Whether Yahoo!'s Privacy Policy and/or Terms of Service address or restrict the disclosure of a user's first and last name to recipients of the email that they sent; and

4. Whether Plaintiff suffered any harm from the disclosure of his first and last name to the recipients of his own emails.

## IV. LEGAL ISSUES IN DISPUTE

Yahoo! filed a motion to dismiss that sets forth several legal issues, including jurisdiction and failure to state a claim for breach of contract. In addition to the issues raised in Yahoo!'s motion, the Parties have identified the following as legal disputes:

1. Whether the inclusion of a user's first and last name in the headers of email constitutes a breach of Yahoo!'s Terms of Service;

2. Whether Plaintiff or the purported class have sustained a cognizable injury from the alleged disclosure; and

3. Whether Plaintiff will be able to certify the class.

## V. MOTIONS

Plaintiff anticipates filing the following motions:

1. A motion for class certification
2. A motion for summary judgment; and
3. Discovery related motions, if necessary.

Defendant anticipates filing, or has filed, the following motions:

1. Defendant Yahoo!'s Motion to Dismiss (filed on July 31, 2012 (Dkt. No. 22), fully briefed and set for hearing on October 26, 2012 at 9am).
2. A motion for summary judgment; and
3. Discovery related motions, if necessary.

## VI. AMENDMENT OF PLEADINGS

At this time, Plaintiff does not anticipate the need to amend the Complaint. The Parties proposed that amended pleadings (if any), be filed in accordance with whatever discovery schedule and general case deadlines the Parties ultimately agree to, as discussed in Section XVII below, or as set by the Court if the Parties are unable to agree on a date.

## VII. EVIDENCE PRESERVATION

Counsel for both Parties have discussed evidence preservation and have spoken to their clients about the need to preserve relevant evidence, including electronically stored information.

## VIII. DISCLOSURES

The Parties intend to exchange their Initial Disclosures on September 7, 2012.

4

JOINT CASE MANAGEMENT STATEMENT                              Case No. 5:12-cv-01399-EJD

IX. **DISCOVERY**

To date, no discovery information has been formally exchanged. As stated above, the Parties intend to make their initial disclosures on September 7, 2012. The Parties further anticipate commencing discovery after they exchange their initial disclosures.

The Parties anticipate taking discovery on the following non-exhaustive list of topics: (1) the Terms of Service and Privacy Policy agreements displayed to Plaintiff while signing up for Yahoo!'s services; (2) the process by which Plaintiff purportedly assented to Yahoo!'s Terms of Service; (3) information about how and when users are asked for their first and last names in association with an email account; (4) information about how users send their mail and the email headers attached; (5) information about whether Yahoo! obtained consent; (6) information about users awareness regarding the contents of their email headers; (7) information regarding the recipients and contents of the email sent by Plaintiff which allegedly disclosed his first and last name; (8) information regarding emails sent and received by Plaintiff using services other than Yahoo!.

Although it is premature to anticipate the scope of discovery in this case, the Parties do not foresee the need for a modification of the scope of discovery rules in the Federal Rules of Civil Procedure, or the standard discovery limitations thereunder.

X. **CLASS ACTION**

Plaintiff alleges that the Court should certify a class pursuant to Fed. R. Civ. P. 23(b)(3) defined as follows:

> Class is all persons and entities located in the United States who, without prior notice, have had their names disclosed when sending emails from their Yahoo email addresses, other than Yahoo, its officers, employees, and representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the resolution of this action (the "Class Period").

Yahoo! disagrees that this action is suitable for class resolution and will oppose any motion for certification on grounds including but not limited to, the following: (1) common issues of law or

1   fact do not predominate in the trial of this action; (2) different class members may be differently
2   situated as to their understandings and expectations regarding the use of email, and (3) the class lacks
3   any representation as Plaintiff cannot represent a class *pro se*.

## XI. RELATED CASES

The Parties are unaware of any related cases.

## XII. RELIEF REQUESTED

As set forth in the Complaint, Plaintiff seeks injunctive relief, damages, fees and costs. Plaintiff has not been able to identify any actual damages, but seeks nominal damages, as per California law.

Defendant believes that the failure to identify actual damages precludes Plaintiff's ability to pursue this case in federal court.

## XIII. SETTLEMENT AND ADR

On August 22, 2012, the Parties telephonically met and conferred. Yahoo! is amenable to mediation if it appears that pursuing alternative dispute resolution would be beneficial after some initial discovery has taken place. The Parties have not been able to agree on mediation and the Parties are not amenable to settlement at this time.

## XIV. CONSENT TO MAGISTRATE FOR ALL PURPOSES

The Parties have respectfully declined to proceed before a magistrate judge for all purposes. (Dkt. No. 5).

## XV. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## XVI. EXPEDITED SCHEDULE

The Parties agree that this case is not suitable for an expedited schedule.

## XVII. SCHEDULING

The Parties propose the following schedule:

| June 25, 2013 | Trial |

| | |
|---|---|
| May 25, 2013 | Pretrial Conference |
| April 25, 2013 | Last Day to Have Dispositive Motions Heard |
| March 25, 2013 | Expert Discovery Cut Off |
| February 25, 2013 | Discovery Cut Off |
| February 8, 2013 | Last Day to Disclose Defendant's Expert Reports |
| January 25, 2013 | Last Day to Disclose Plaintiff's Expert Reports |
| 14 days following the issuance of an order regarding Yahoo!'s Motion to Dismiss | Last Day to File Class Certification Motion |
| November 9, 2012 | Last Day to File Motions to Join Parties or Amend Pleadings |

## XVIII. TRIAL

The Parties have not requested a jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Yahoo! has filed its certificate of interested entities or persons. (Dkt. No. 6). Yahoo! knows of no other persons, firms, partnerships, corporations or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XX. OTHER MATTERS

The Parties are unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this action at this time.

Dated: August 22, 2012    By: /s/ Albert Rudgayzer
Albert Rudgayzer
Plaintiff, *Pro Se*

ZWILLGEN LAW LLP

Dated: August 22, 2012  By:  /s/ Michele D. Floyd
Michele D. Floyd
Attorneys for Defendant YAHOO! INC.

## CERTIFICATE OF SERVICE

I, Sheila Marie, do hereby certify that on August 22, 2012, I sent a copy of the aforegoing Joint Case Management Statement to Plaintiff *Pro Se*, via regular U.S. mail, at the following address:

Albert Rudgayzer
305 Broadway
Suite 501
New York, NY 10007

*Sheila Marie*
Sheila Marie