**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>YAHOO! INC.,<br><br>   Defendant. | Case No.: 5:12-CV-01399 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 22]** |

Presently before the Court is Defendant Yahoo! Inc.'s ("Defendant" or "Yahoo!") Motion to Dismiss the class action Complaint filed by Plaintiff Albert Rudgayzer ("Plaintiff" or "Rudgayzer"). See Docket Item No. 22. The Court found these matters appropriate for decision without oral argument pursuant to Local Civil Rule 7–1(b), and previously vacated the corresponding hearing date. Having fully reviewed the parties' papers the Court will grant Defendant's Motion to Dismiss.

1

Case No.: 5:12-CV-01399 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## 1. Background

Plaintiff Rudgayzer, pro se, brings this putative breach of contract class action against Defendant. Defendant is a Delaware corporation that offers a free web-based email service—Yahoo! email—to members of the public. Subscribers to Yahoo! email can choose their email address which does not necessarily have to contain their first or last name. When persons seek to obtain a Yahoo! email account, Yahoo! requests that they provide their first and last name and other personal information. Compl. ¶ 11. According to Plaintiff, Yahoo!'s Terms of Service statement, to which users are required to consent in order to obtain a Yahoo! email account, provides the following:

> Yahoo! collects personal information when you register with Yahoo! . . . When you register we ask for information such as your name, [alternate] email address, birth date, gender, ZIP code, occupation, industry, and personal interests. . . . Yahoo! uses information for the following general purposes: to customize the advertising and content you see, fulfill your requests for products and services, improve our services, contact you, conduct research, and provide anonymous reporting for internal and external clients . . . Yahoo! does not rent, sell, or share personal information about you with other people or non-affiliated companies except to provide products or services you've requested, when we have your permission.

Id. ¶ 16. Plaintiff avers that he registered for this service on or around October 2011. Id. ¶ 20. He alleges that when he sent emails from his Yahoo! email account, the email address line included his first and last name—the name he provided when he registered for the service. Id. ¶ 21.

Plaintiff filed the class action breach of contract complaint on March 20, 2012 on behalf of himself and others similarly situated. Plaintiff alleges that when he registered for a Yahoo! email account a binding contract was formed with the Terms of Service constituting all or part of the contractual terms. Id. ¶¶ 13–16. Plaintiff claims that when his first and last name appeared on the address line of sent emails, Defendant breached the alleged contract and violated his privacy rights. Id. ¶ 17. He also contends that rights were violated and the contract was breached with respect to all other Yahoo! email users whose names were disclosed when they sent emails. Plaintiff's sole cause of action is a claim of breach of contract under California law. Id. ¶¶ 25–28.

2
Case No.: 5:12-CV-01399 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff asserts that this Court has subject matter jurisdiction to hear this case under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) and that the total amount in controversy exceeds $5,000,000. Plaintiff contends that he and the alleged class members are entitled to actual, nominal, and punitive damages. Id. ¶ 28.

Defendant filed this Motion to Dismiss the Complaint on July 31, 2012. See Docket Item No. 22.

## 2. Legal Standards

Defendant has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted as well as pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### 2.1   Standard for Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### 2.2 Standard for Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party can file a motion to dismiss with the Court for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack

of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

On a factual challenge, the party opposing the motion must produce affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a factual attack, the court need not presume the plaintiff's allegations as true. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); accord Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In the absence of a full-fledged evidentiary hearing, however, disputed facts pertinent to subject matter jurisdiction are viewed in the light most favorable to the nonmoving party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject matter should be treated as they would in a motion for summary judgment. Id.

An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. To satisfy Article III standing, plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In that event, the suit should be dismissed under Rule 12(b)(1). See id. at 109–10. At least one named plaintiff must have suffered an injury in fact. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

5
Case No.: 5:12-CV-01399 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The party seeking to invoke federal court jurisdiction has the burden of establishing the constitutional elements of standing. See Lujan, 504 U.S. at 561.

### 3. Discussion

Defendant offers several arguments in support of its Motion to Dismiss. Defendant first challenges the sufficiency of Plaintiff's class allegations and then argues that this Court lacks jurisdiction to hear the class action. Absent the class, Defendant argues, Plaintiff has failed to plead an alternative basis that would give this Court subject matter jurisdiction over this suit. In the alternative, Defendant contends that Plaintiff lacks standing to sue and also fails to allege facts sufficient to state a claim for breach of contract. Each of Defendant's arguments will be addressed below.

#### 3.1   Class Action Subject Matter Jurisdiction

As noted, Plaintiff contends that this Court has subject matter jurisdiction over his class action complaint pursuant to CAFA. Defendant, in support of its Motion, argues that Plaintiff fails the requirements to adequately represent a class under Federal Rule of Civil Procedure 23. Defendant's rationale is that plaintiffs cannot represent a class when they proceed with a litigation pro se, as Plaintiff purports to do in this case. As such, Defendant concludes, this Court cannot have subject matter jurisdiction under the CAFA's jurisdiction-conferring provisions.

The jurisdiction-conferring section of CAFA provides the following: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . . ." 28 U.S.C. § 1332(d)(2). Rule 23 governs the procedure for class action litigations. This rule provides that a member of a class may sue on behalf of all members only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

The issue of whether a pro se representative plaintiff can sue on behalf of the class members is one of adequacy of representation. Determining adequate representation is typically

based on a two-part inquiry: "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." <u>Lerwill v. Inflight Motion Pictures, Inc.</u>, 582 F.2d 507, 512 (9th Cir. 1978). Courts have generally concluded that a purported class representative who proceeds <u>pro se</u> violates this test of adequacy of representation; in other words, a <u>pro se</u> plaintiff cannot represent a class in a class action. <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966) (affirming the dismissal of a class action for lack of jurisdiction because a <u>pro se</u> plaintiff "has no authority to appear as an attorney for others than himself"); <u>Morgovsky v. Adbrite, Inc.</u>, No. 10-05143, 2012 WL 1595105 (N.D. Cal. May 4, 2012) (holding that a <u>pro se</u> plaintiff in an class action is barred from pursuing claims on behalf of other class members in a representative capacity); <u>see also</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a <u>pro se</u> prisoner may not bring a class action on behalf of fellow prisoners). This rule stems from the more general legal principle that <u>pro se</u> litigants can represent themselves, but themselves only. <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664–64 (9th Cir. 2008) (applying the "general rule prohibiting <u>pro se</u> plaintiffs from pursuing claims on behalf of others in a representative capacity" including class actions); <u>Johns v. Cnty. of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (internal quotation marks and citations omitted)); <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citations omitted)). Rationale for the rule against <u>pro se</u> class representatives can also be explained by the following: "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." <u>Torrez v. Corrections Corp. of Am.</u>, No. 09-2298, 2010 WL, 320486, at *1 (D. Ariz. Jan. 20, 2010) (quoting <u>Huddleston v. Duckworth</u>, 97 F.R.D. 512, 514 (N.D. Ind. 1983)).

Accordingly, the Court agrees with Defendant that Plaintiff Rudgayzer, because he proceeds in the litigation pro se, cannot represent the class members on whose behalf he purports to bring suit. Therefore, proceeding with the litigation as a class action is not permitted by Rule 23. As such, because this litigation cannot be characterized as a class action, this Court does not have subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d).

Plaintiff argues that granting the Motion to Dismiss on these grounds is premature. He contends that deciding on the issue of adequacy of counsel for a class action is not appropriate to decide on a motion to dismiss, but rather should be resolved at the class-certification stage.

The Court disagrees with Plaintiff's contention regarding timing. Rule 23 provides that courts should determine the propriety of a class action and class representative "[a]t an early practical time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). Indeed, making this determination often occurs at the class certification stage of a litigation; however, courts have also done so—including and especially in instances involving pro se plaintiffs—when facing a motion to dismiss. McShane, 366 F.2d 286 (affirming the dismissal of a class action for lack of jurisdiction on grounds that an individual appearing on his own behalf could not adequately represent the purported class members as well); Morgovsky, No. 10-05143, 2012 WL 1595105 (granting a motion to dismiss a class action before the class certification stage after determining that the pro se plaintiff could not adequately represent the class); see also Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806 (7th Cir. 2010) ("[A district] court would have to dismiss the case, as it would have been certain from the outset of the litigation that no class could be certified."). Accordingly, the Court finds that deciding jurisdiction based on Plaintiff's failure to adequately represent a class at this stage is not untimely.

### 3.2 Subject Matter Jurisdiction Over the Individual Claim

The Court has concluded that Plaintiff cannot proceed with this litigation as a class action, and as such the Court lacks subject matter jurisdiction under CAFA. A question still remains as to

whether there is jurisdiction to hear Plaintiff's Complaint not as a class action but rather as an individual claim.

Nevertheless, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims. The complaint raises no federal question or issue such as a violation of a federal statute; thus there is no jurisdiction pursuant to 28 U.S.C. § 1331. And while the Complaint implies that the parties are diverse—it states that Plaintiff Rudgayzer is a New York citizen and Defendant is an entity incorporated in Delaware with its principal executive office in California—the Complaint does not assert that the amount in controversy between Plaintiff as an individual and Defendant exceeds $75,000 as would be required for diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff points to no basis for federal subject matter jurisdiction other than that based on a purported class action, which, as noted, is unfounded.

### 3.3 Breach of Contract Claim

As an alternative to his lack of subject matter jurisdiction contention, Defendant attacks Plaintiff's cause of action on grounds that it fails to state a claim upon which relief could be granted. Defendant's main argument in support of this position is that Plaintiff has failed to allege that he has been damaged as a result of Defendant's alleged breach—damage being an essential element of a breach of contract claim. Plaintiff, in response, appears to argue that a pleading for nominal damages is sufficient to satisfy the damages requirement of a breach of contract claim where the alleged contractual breach does not result in actual damages.

The Court agrees with Defendant. An allegation of actual damage as a result of the alleged contractual breach is a requirement for a prima facie breach of contract claim under California law. Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000) ("Under California law, a breach of contract claim requires a showing of appreciable and actual damage." (emphasis added)); Patent Scaffolding Co. v. William Simpson Constr. Co., 256 Cal. App. 2d 506, 511 (1967) ("A breach of contract without damage is not actionable. Damages are not recoverable which are not causally connected with the breach of a contract." (citation omitted)). A claim for nominal

damages and speculative harm, without a showing of actual damages, does not suffice. Aguilera, 223 F.3d at 1015; Ruiz v. Gap, Inc., 622 F. Supp. 2d 908, 917 (N.D. Cal. 2009).

Plaintiff's theory of the case is that Defendant breached the alleged contract between the parties by disclosing Plaintiff's private information, namely his first and last name. However—notwithstanding the issue as to whether there existed a valid and binding contract between the parties—an allegation of the disclosure of personal or private information does not constitute actionable damages for a breach of contract claim. In re Facebook Privacy Litigation, No. 10-02389 JW, 2011 WL 6176208, at *5 (N.D. Cal. Nov. 22, 2011) (holding that plaintiffs failed to state a claim for breach of contract where they alleged that the damages they suffered was the disclosure and sharing of their personally identifiable information). Mere disclosure of such information in and of itself, without a showing of actual harm, is insufficient.

As noted, Plaintiff argues that a claim for nominal damages is sufficient to support his breach of contract claim. On the contrary, while Plaintiff is correct that nominal damages have been awarded in breach of contract lawsuits, the non-breaching party must still allege actual damages in order to support a prima facie case. The cases Plaintiff cites in support of his position awarded nominal damages, but they did so only after finding that the breach of contract indeed caused in actual damages to the non-breaching party. Part of the reason why many of those courts awarded nominal damages was because they were unable to quantify the actual damages. See, e.g., ProMex, LLC v. Hernandez, 781 F. Supp. 2d 1013, 1019 (C.D. Cal. 2011) (awarding nominal damages only after reaching the conclusion that a contract was breached but that plaintiff had failed to prove with certainty the amount of the actual loss); Midland Pacific Bldg. Corp. v. King, 63 Cal. Rptr. 3d 129, 135 (Cal. Ct. App. 2007) vacated on other grounds, 157 Cal. App. 4th 264 (2007) (concluding that plaintiff established a prima facie case of breach of contract including showing actual damages).

Because Plaintiff has not alleged actual damages, he has failed to sufficiently plead a breach of contract claim under California law.

**3.4 Standing**

As noted, to establish Article III standing, a plaintiff must allege facts showing an "injury-in-fact," causation, and redressability such that the injury will be likely redressed by a decision in the plaintiff's favor. Lujan, 504 U.S. at 561–62. An "injury in fact" requires showing "an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 560 (citations and internal quotation marks omitted). Plaintiff has failed to show an injury-in-fact for the purposes of Article III standing for the same reasons as he has failed to satisfy the damages element of a breach of contract claim. As such, the Court agrees with Defendant that Plaintiff lacks standing to bring suit.

**4. Conclusion and Order**

For the aforementioned reasons Defendant's Motion to Dismiss is GRANTED in its entirety. Accordingly, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: November 9, 2012



EDWARD J. DAVILA
United States District Judge

11
Case No.: 5:12-CV-01399 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS